# Exhibit B

THE VESPI LAW FIRM, LLC
Damon A. Vespi - 025991998
547 Union Boulevard, Second Floor
Totowa, New Jersey 07512
TEL: 973-633-1000
Attorneys for Plaintiffs

| | |
|---|---|
| ANGELO VALENTINO and LILLIAN VALENTINO, *per quod*<br><br>Plaintiffs,<br><br>v.<br><br>SIG SAUER, INC.,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY DOCKET NO.:<br><br>Civil Action<br><br>**COMPLAINT and JURY DEMAND** |

## JURISDICTION

1. Defendant, SIG SAUER, INC., was and is a corporation, business organization or other business entity authorized to do business and/or was doing business in the County of Essex, State of New Jersey, and who marketed and sold its product in the County of Essex, State of New Jersey.

## PARTIES

2. The Plaintiff, ANGELO VALENTINO, is a federal law enforcement agent, highly trained and experienced firearm user whose life was upended by a dangerously defective pistol: Sig Sauer P320.

3. Upon the information discovered through research and document production, the Sig Sauer P320 is the most dangerous pistol for its users sold in the United States market.

4. The Plaintiff trusted Sig Sauer to live up to its reputation as a designer and manufacturer of safe and reliable handguns.

5. The Plaintiff trusted Sig Sauer to live up to its promise that the P320 "would not fire unless you want it to."

6. The Plaintiff was lied to and let down by Sig Sauer, falling victim to the dangerously designed and manufactured P320.

7. Plaintiff, ANGELO VALENTINO, is an adult individual, citizen of the United States of America, employed and having its headquarters office in the State of New Jersey.

8. Plaintiff, LILLIAN VALENTINO, is the wife of Angelo Valentino, and makes a claim of loss of consortium as described herein.

9. Defendant, SIG SAUER, INC., is a corporation or other business entity with its principal place of business at 72 Pease Boulevard, Newingtown, New Hampshire, organized and incorporated under the laws of Delaware.

## GENERAL ALLEGATIONS

10. The Plaintiff, ANGELO VALENTINO, is aware of the ongoing litigation matter against the defendant, SIG SAUER, INC., in the United States District Court, District of New Hampshire.

11. Without repeating and reiterating that which has already been made part of the case, Plaintiff seeks to rely on all the allegations, stipulated in Paragraphs 43-148 of *Armendariz, et als v. Sig Sauer, Inc.* (1:22-cv-00536), as if fully set forth herein at length.

## FACTS APPLICABLE TO ALL COUNTS

12. Prior to February 3, 2021, plaintiff, ANGELO VALENTINO, had undergone extensive firearms training while serving as a federal special agent for the United States of America, Department of Homeland Security.

13. Prior to February 3, 2021, plaintiff was issued a Sig Sauer P320 by DHS.

14. On February 3, 2021, plaintiff was a passenger in a tow truck, due to his vehicle being disabled.

15. At the aforementioned time and place, the plaintiff's pistol suddenly and unexpectedly discharged while sitting in the passenger seat adjusting his body position.

16. Plaintiff never touched the P320's trigger and did not intend to fire the gun.

17. The bullet struck the Plaintiff in his right leg, causing substantial injury, maceration of tissue, blood loss, and nerve damage, along with severe emotional trauma.

18. While the full extent of the physical damage to the plaintiff's leg is not yet known, he has had and it is likely that he will have trouble running, sitting, or standing as he had before the incident, and will likely never be able to return to his pre-incident form as a result of diminished physical capacity. Additionally, plaintiff has sustained permanent scarring and limited feeling in and on his right leg.

19. As a direct and proximate result of the aforementioned negligence, carelessness, recklessness, strict liability and/or other liability producing conduct, the plaintiff was forced to suffer serious, disabling, and permanent injuries and emotional distress, the full extent of which has yet to be determined. The plaintiff has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical care and treatment. The plaintiff has in the past and may in the future continue to suffer agonizing aches, pains, and psychological and emotional anguish. The plaintiff has in the past and may in the future continue to be disabled from performing his usual duties, occupations, and avocations, all to the plaintiff's great loss and detriment. The incident has resulted in substantial physical harm and related trauma to the plaintiff, who has received substantial and ongoing treatment and medicine.

## FIRST COUNT
### (Negligence)

20. The plaintiff, ANGELO VALENTINO, repeats and realleges each and every allegation of the Jurisdiction, Parties, General Allegations, and Facts Applicable to all Counts Sections, as if fully set forth herein at length.

21. On or about February 3, 2021, plaintiff, ANGELO VALENTINO, suffered a gunshot wound to his right leg, as a result of a malfunction with the P320.

22. At all relevant times, the defendant, SIG SAUER, INC., owed the plaintiff, the duty to design the P320 weapon in such a manner and with the exercise of reasonable care, so as to prevent it from firing without a user trigger pull before selling the gun and placing it into the stream of commerce.

23. At all relevant times, the defendant, SIG SAUER, INC., owed a duty to the unambiguously warn consumers and/or intended users of the P320, including the plaintiff, of known or suspected defects that rendered the gun unreasonably dangerous to handle or use. Upon information and belief, the defendant, SIG SAUER, INC., knew or had reason to know that the P320 posed an unreasonable risk of harm by virtue of informal and formal claims arising from substantially similar incidents, internal testing and research, industry publications and research, and other sources of information to be developed in discovery.

24. The negligence of the defendant, SIG SAUER, INC., consisted of, among other things, the following:

   a. Defendant failed to use due care in designing and manufacturing the P320's firing and striker assembly to prevent un-commanded discharges;

b. Defendant failed to use due care in designing the P320 and failing to incorporate a manual external safety, tabbed trigger safety, or grip safety to prevent unintended discharges;

c. Defendant failed to use due care in designing and manufacturing the P320's internal components, including its sear, and by omitting a mechanical disconnect switch, to prevent un-commanded discharges;

d. Defendant failed to issue a mandatory recall of the P320 as SIG SAUER, INC had done in the past with other defective products;

e. Defendant failed to make reasonable tests and/or inspections to discovery the defective, hazardous and unreasonably dangerous conditions relating to the gun's propensity to discharge un-commanded as described above;

f. Defendant negligently failed to unambiguously warn purchasers and end users of the gun, including the plaintiff, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture, which it knew or should have known through the exercise of ordinary care;

g. Defendant failed to discover the defective, hazardous and unreasonably dangerous conditions relating to the gun's propensity to discharge un-commanded while in the possession of SIG SAUER, INC., and during which times employees, servants or agent of SIG SAUER, INC. had an opportunity to inspect, service and work on the gun;

h. Defendant negligently failed to place a warning about mere "vibration" of the gun in a conspicuous manner, such as on its case, which could be easily understood by

a consumer, instead of relying on changing the bottom of page 25 of the user manual for the gun after several incidents of un-commanded discharges;

i. Defendant was negligent by including a defective and improper holster in the original packaging with the gun;

j. Defendant misrepresented the dangers and hazards posed by the gun;

k. Defendant failed to design a firearm that would be safe for all users to operate under ordinary circumstances;

l. Defendant negligently misrepresented that the P320 is safe when carried with a round in the chamber;

m. Defendant failed to incorporate safeties which were standard among all of the P320s competitors; and

n. Any other negligent acts and omissions to be developed in the course of discovery.

25. Defendant, SIG SAUER, INC., knew or should have known, that exposing users to the dangerous and defective and hazardous conditions existing in the gun would or could give rise to serious bodily injuries to such users, up to and including death.

26. The gun's defective condition was not visible and the plaintiff was not capable of realizing the dangerous condition and could not have discovered the dangerous condition even upon performing a reasonable inspection of the same.

27. Defendant's, SIG SAUER, INC., negligence, as alleged in this Count, directly and proximately caused the unintended discharge and the plaintiff's injuries resulting from said accident.

28. The Defendants' failure to respond to the dangerous condition by either correcting, repairing, remedying, safeguarding or warning of it, was palpably unreasonable, plainly and obviously without reason or a reasonable basis, capricious arbitrary and outrageous.

29. As a direct and proximate result of the negligence set forth in this Count, the plaintiff, ANGELO VALENTINO, suffered severe physical injury, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, physical deformity and handicap and embarrassment associated with the same, loss of earnings and earning capacity, incurred medical, attendant care and life care expenses for his care and treatment. These injuries are either permanent or continuing in their nature and the plaintiff will suffer such losses and impairments in the future.

**WHEREFORE**, Plaintiffs demand judgment against the defendant, SIG SAUER, INC., individually, jointly and severally or in the alternative, for damages, interest, costs of suit and other such relief the Court may deem just and equitable.

## SECOND COUNT
*(Strict Product Liability – N.J.S. § 2A:58C-2)*

30. The plaintiff, ANGELO VALENTINO, repeats and realleges each and every allegation of the Jurisdiction, Parties, General Allegations, and Facts Applicable to all Counts Sections, and the First Count, as if fully set forth herein at length.

31. Defendant, SIG SAUER, INC., by and through its agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers and/or distributors, is strictly liable under § 2A:58C-2, given the following:

   a. Defendant, SIG SAUER, INC., is engaged in the regular business of designing, assembling, manufacturing, selling, supplying, distributing, and/or placing into

the stream of commerce firearms, including but not limited to the P320 that injured the plaintiff;

b. The product involved in the subject incident was marketed and/or placed in the general stream of commerce by the defendant, SIG SAUER, INC.

c. The product was expected to and did reach users without substantial change in the condition in which it was designed, assembled, manufactured, sold, supplied, distributed and/or placed into the stream of commerce; and

d. The product was designed, assembled, manufactured, sold, supplied, distributed, and/or placed into the stream of commerce in the defective condition for the reasons set forth above.

32. The P320 was in a defective condition as a reasonable person would conclude that the probability and seriousness of the harm caused by the P320 outweighed the burden or costs of taking precautions.

33. The P320 was not reasonably fit, suitable or safe for its intended purpose due to the faulty and defective design.

34. The defendant, SIG SAUER, INC., breached its duties, by and through their agents, servants, workers and/or employees, and was jointly and severally careless, negligent, grossly negligent and/or reckless in the performance of its obligations.

35. That at all times hereinafter mentioned, the said Defendants had actual notice of said hazardous, dangerous, defective and unreasonable conditions and/or by reasonable inspection thereof, would have and should have discovered the hazardous, dangerous, defective and unreasonable condition existing and corrected same.

36. Due to the length of time the dangerous and defective condition was there and the obviousness of the condition, an employee, agent or servant, performing his job with reasonable care should have discovered the dangerous and defective condition and its dangerous character, the Defendants had constructive notice of such dangerous condition that caused the Plaintiff's injuries.

37. The Defendant's failure to respond to the dangerous and defective condition by either correcting, repairing, remedying, safeguarding or warning of it, was palpably unreasonable, plainly and obviously without reason or a reasonable basis, capricious arbitrary and outrageous.

38. The dangerous and defective condition of the P320 caused Plaintiff's injuries.

39. The defendant, SIG SAUER, INC., is therefore strictly liable to the Plaintiff.

WHEREFORE, Plaintiffs demand judgment against the defendant, SIG SAUER, INC., individually, jointly and severally or in the alternative, for damages, interest, costs of suit and other such relief the Court may deem just and equitable.

### THIRD COUNT
*(New Jersey Consumer Fraud Act – N.J.S. 56:8-1 et seq.)*

40. The plaintiff, ANGELO VALENTINO, repeats and realleges each and every allegation of the Jurisdiction, Parties, General Allegations, and Facts Applicable to all Counts Sections, and the First and Second Counts, as if fully set forth herein at length.

41. By its actions, described in detail in this Complaint, the defendant, SIG SAUER, INC., has engaged in unfair and deceptive acts in violation of § 56:8-2 of New Jersey Consumer Fraud Act (NJCFA).

42. Defendant's, SIG SAUER, INC., actions have been willing and knowing, and the direct and proximate cause of substantial damages to the plaintiff.

43. As a result of same and under the provision of §56:8-19, the plaintiff, ANGELO VALENTINO, is entitled to any other appropriate legal or equitable relief, be awarded threefold the damages sustained, as well as reasonable attorneys' fees, filing fees, and reasonable costs of suit.

**WHEREFORE**, Plaintiffs demand judgment against the defendant, SIG SAUER, INC., individually, jointly and severally or in the alternative, for damages, interest, costs of suit and other such relief the Court may deem just and equitable.

## FOURTH COUNT
*(Loss of Consortium)*

44. The plaintiff, LILLIAN VALENTINO, repeats and realleges each and every allegation of the Jurisdiction, Parties, General Allegations, and Facts Applicable to all Counts Sections, as if fully set forth herein at length.

45. At all relevant times herein, Plaintiff, LILLIAN VALENTINO, was the lawfully wedded wife of the plaintiff, ANGELO VALENTINO.

46. As a direct and proximate cause of the negligence, carelessness and recklessness of the Defendants, as aforesaid, the Plaintiff, LILLIAN VALENTINO, has been and will be deprived of the services, consortium and companionship of the Plaintiff, ANGELO VALENTINO, has been and will be deprived of the services, companionship and society in the future, and has been and will be in the future caused to expend large sums of money in an effort to cure her husband and of his injuries and will be caused to incur other great expenses and consequential damages.

**WHEREFORE**, Plaintiffs demand judgment against the defendant, SIG SAUER, INC., individually, jointly and severally or in the alternative, for damages, interest, costs of suit and other such relief the Court may deem just and equitable.

### FIFTH COUNT
*(Punitive Damages)*

47.     The plaintiff, LILLIAN VALENTINO, repeats and realleges each and every allegation of the Jurisdiction, Parties, General Allegations, and Facts Applicable to all Counts Sections, as if fully set forth herein at length.

48.     Defendants', SIG SAUER, INC., outrageous actions constitute malice, vindictiveness, wanton and reckless disregard and indifference to ANGELO VALENTINO' rights and therefore, plaintiff also seeks punitive damages.

**WHEREFORE**, Plaintiffs demand judgment against the defendant, SIG SAUER, INC., individually, jointly and severally or in the alternative, for damages, interest, costs of suit and other such relief the Court may deem just and equitable.

THE VESPI LAW FIRM, LLC
Attorneys for Plaintiff

By: _____
DAMON A. VESPI

Dated: January 27, 2023

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25, please be advised that Jared E Drill is hereby designated trial counsel with respect to the within matter.

## NOTICE OF INTENT TO USE THE TIME UNIT MEASURE OF DAMAGES AT TRIAL

Plaintiff hereby places all parties on notice of its intention to use the Time Unit Measure of Damages at Trial.

## JURY DEMAND

Pursuant to R. 4:35-1, Plaintiff(s) demand a trial by jury as to all issues so triable.

THE VESPI LAW FIRM, LLC
Attorneys for Plaintiff

By: _____
DAMON A. VESPI

Dated: January 27, 2023

## CERTIFICATION

In accordance with R. 4:5-1(b)(2), I hereby certify that the matter in controversy is not the subject of another action either pending in any Court or in an arbitration proceeding. Nor are any other actions or arbitration proceedings is contemplated. To the best of my knowledge, there are no other parties who should be joined as parties in this action.

Further, in accordance with R. 4:5-1(b)(3), I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

THE VESPI LAW FIRM, LLC
Attorneys for Plaintiff

By: _____
DAMON A. VESPI

Dated: January 27, 2023